SARAH E. WISNER v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARBER *et al.*

No. 14,542.    (85 Pac. 288.)

SYLLABUS BY THE COURT.

PETITION—*Alteration of a Public Road.*  A defective statement of the change prayed for will not render void a petition for the alteration of a public road, where notwithstanding such defect the purpose of the petition can be gathered from the language used.

Error from Barber district court; PRESTON B. GILLETT, judge.  Opinion filed March 10, 1906.  Affirmed.

*Noble & Tincher,* for plaintiff in error.

*C. C. Coleman,* attorney-general, and *Samuel Griffin,* county attorney, for defendants in error.

The opinion of the court was delivered by

MASON, J.: A petition was presented to the commissioners of Barber county for the alteration of a highway. Viewers were appointed, and upon their report the board ordered the desired change. Mrs. Sarah E. Wisner, a landowner whose interests were affected, filed a petition in error in the district court attacking the validity of the proceedings upon the ground that the road petition was void and conferred no jurisdic-

tion on the county board, for the reason that it did not intelligibly indicate what action the petitioners wished to have taken. The district court held that the petition was sufficient, and rendered judgment accordingly. Mrs. Wisner prosecutes error. The road petition in question reads as follows:

"The undersigned petitioners, householders of the county of Barber, state of Kansas, and residing in the vicinity of the road herein prayed for, respectfully petition your honorable body to cause to be reviewed, altered, and changed, the following-described road, viz.:

"Road No. 141, commencing at the southeast corner of the southwest quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) of section three (3), township thirty-two (32) south, of range ten (10) west of the sixth P. M.; thence north on quarter quarter-line, according to the Tweedale survey of 1884, to intersect original road No. 141, said road to be forty feet wide. And your petitioners will, as in duty bound, ever pray, etc."

The defendants in error maintain that the obvious meaning of this is that the petitioners ask that road No. 141 be changed so as to conform to the description given. The plaintiff in error insists that to have that effect the petition should have employed some such formula as the following: "To cause to be reviewed, altered and changed the following-numbered road, viz., road No. 141, *so that said road shall be located as follows,* commencing," etc.

Clearness would doubtless have been promoted by such a statement, but we think the form that was used was capable of being construed to mean the same thing. It is plain that such is the meaning intended, or that there is an entire failure to express any intelligible idea. The effort should of course be to give force to the language employed, if possible, rather than to reject it as meaningless. We think the court properly held that the petition was sufficient.

The district court dismissed the petition in error instead of affirming the action of the commissioners, but

as it is manifest from the record that the ruling was made upon the merits of the controversy the form of the order is not regarded as material. The judgment is affirmed.

All the Justices concurring.